STATE *v.* WILLIAM H. WOOD.

Under a statute which provided, " Every person who shall abandon his wife or children, leaving them in danger of becoming a public charge, or who shall neglect to provide according to his means for the support of his wife or children . . . shall be imprisoned not less than six months nor more than three years," a complaint charged that the defendant " did neglect to provide according to his means for the support of his wife *and* children."

*Held*, that the complaint was sufficient and not bad for duplicity.

Acts forbidden disjunctively by statute may generally be charged conjunctively in one count of an indictment or complaint.

EXCEPTIONS to the Court of Common Pleas.

*Providence, April 5*, 1883. PER CURIAM. This is a complaint under Pub. Stat. R. I. cap. 244, § 22. Said section provides that " Every person who shall abandon his wife or children, leaving them in danger of becoming a public charge, or who shall neglect to provide according to his means for the support of his wife or children . . . shall be imprisoned not less than six months nor more than three years." The complaint charged that the defendant " did neglect to provide according to his means for the support of his wife and children." The defendant before conviction moved to quash the complaint as bad for duplicity, and after conviction moved in arrest of sentence on the same ground. The court

below overruled the motions, and the defendant excepted to the rulings for error.  The question is, therefore, whether the complaint is bad for duplicity.  We think it is not.  When a statute makes it a crime to do this, or that, or that, mentioning several cognate matters disjunctively, the complaint or indictment may ordinarily charge them all conjunctively in a single count.  1 Bishop on Criminal Procedure, § 586.  A complaint in the usual form for the illegal selling of intoxicating liquors is an illustration of this.  The two matters here, though they might be charged separately, are so closely allied that generally both would be committed together by one and the same neglect.  And see *State* v. *Colwell*, 3 R. I. 284.                              *Exceptions overruled.*

*Francis B. Peckham*, for plaintiff.
*Christopher M. Lee*, for defendant.